FILED - CLERK WASH. CO.
DEC 18 2023 PM 1:19

IN THE WASHINTON COUNTY, OHIO
COURT OF COMMON PLEAS

| | | |
|---|---|---|
| Mary Sidel<br>817 Grandview Avenue<br>New Matamoras, OH 45750,<br><br>Plaintiff,<br><br>v.<br><br>Dollar General Corporation<br>d/b/a Dollar General<br>100 Mission Ridge<br>Goodlettsville, TN 37072,<br><br>Ohio Department of ODM<br>Ohio Tort Recovery Unit<br>50 W. Town St., Suite 400,<br>Columbus, Ohio 43215,<br><br>United Healthcare Services, Inc.<br>PO Box 30555<br>Salt Lake City, UT 84130, and<br><br>John/Jane Does #1-25<br>1400 Park Ave<br>New Matamoras, OH 45767-0327,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No.: **23TR 330**<br><br>Judge **HALLIDAY**<br><br>JURY DEMAND ENDORSED<br>HEREON<br><br>OTHER TORT |

§

## COMPLAINT

Now comes Plaintiff Mary Sidel ("Ms. Sidel"), by and through her undersigned counsel, and for her *Complaint* against the above captioned defendants and hereby avers the following:

### JURISDICTION, VENUE AND STATUTE OF LIMITATIONS

1. Ms. Sidel is an individual residing in Washington County Ohio as captioned above.

2. Upon information and belief, Dollar General is a foreign corporation which regularly conducts business in Washington County, Ohio.

3. Upon information and belief, Defendant Dollar General Corporation d/b/a Dollar General ("Dollar General") owns and operates a market at 1400 Park Ave, Matamoras, OH 45767 ("Property").

4. This litigation arises from a trip and fall incident that took place on January 1, 2022, at the Property.

5. This Honorable Court has subject matter jurisdiction pursuant to R.C. §2305.01.

6. This Honorable Court can obtain personal jurisdiction over Dollar General per R.C. §2307.382, *inter alia*.

7. This Honorable Court has proper venue pursuant to Rules 3, of the Ohio Rules of Civil Procedure, as Washington County, Ohio is the county where said trip and fall occurred.

8. Upon information and belief, all parties with an interest in the claims in, and outcome of, the trip and fall are before this Honorable Court.

2

9. An actual case, controversy and dispute exists among these parties relative to the respective parties' liabilities and obligations relative to the trip and fall.

## STATEMENT OF FACTS

10. Ms. Sidel alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

11. On January 1, 2022, Ms. Sidel was not under the influence of any alcohol.

12. On January 1, 2022, Ms. Sidel was not under the influence of any drugs.

13. On January 1, 2022, Ms. Sidel had no vision disability.

14. On January 1, 2022, Ms. Sidel had no walking disability.

15. On January 1, 2022, Ms. Sidel wore appropriate, non-slip footwear.

16. On January 1, 2022, Dollar General opened its market at the Property to the public.

17. At the same time, Ms. Sidel entered Dollar General at the Property to purchase goods as an invitee.

18. On January 1, 2022, as Ms. Sidel stepped from the parking lot up to the concrete landing to enter Dollar General at the Property Ms. Sidel tripped and fell ("Fall").

19. Upon information and belief, the step up from the parking lot up to the concrete landing to enter the Dollar General at the Property exceeds eight and one-fourth inches in height in violation of the Ohio Building Code, Ohio Admin Code Rule 4781-6-03.8(N).

20. There was no sign warning Ms. Sidel of the building code violation and/or the abnormal step height.

21. Ms. Sidel was materially injured in the Fall and received shoulder surgery, inter alia.

## COUNT ONE (1): NEGLIGENCE

22. Ms. Sidel alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

23. Around the time of Ms. Sidel' entry therein, Dollar General failed to build, repair, and/or maintain the Property in a reasonably safe condition, so Ms. Sidel was not unnecessarily and unreasonably exposed to danger.

24. Dollar General has a duty of ordinary care including the duty to warn Ms. Sidel of dangers at the Property.

25. Around the time of Ms. Sidel' entry therein, Dollar General failed to warn Ms. Sidel of dangers at the Property.

26. Dollar General's duty of ordinary care includes the duties to conduct inspections of the Property to discover possible dangerous conditions of which Dollar General is unaware.

27. Around the time of Ms. Sidel' entry therein, Dollar General failed to conduct inspections of the Property to discover possible dangerous conditions of which Dollar General was perhaps unaware.

28. Dollar General is charged with constructive knowledge of defects which would have been revealed by a reasonable inspection of the Property.

29. If Dollar General did not know of the defects at the Property, Dollar General was negligent in inspecting the Property.

30. A reasonable inspection by Dollar General would have revealed the trip hazard upon which Ms. Sidel tripped and fell at the Property.

31. Dollar General had a duty to exercise ordinary care toward Ms. Sidel in the inspections, maintenance, and operation of the Property.

32. Dollar General had a duty to warn Ms. Sidel of defects at Property.

33. Around the time of Ms. Sidel' entry therein, Dollar General breached its duty to exercise ordinary care toward Ms. Sidel in the maintenance and operation of the Property.

34. As a direct and proximate result of the Dollar General's negligence as stated above, Ms. Sidel lost income, experienced permanent disfigurement, experienced pain and suffering, lost enjoyment of life, and lost consortium with Ms. Sidel's loved ones and family.

35. As a further direct and proximate result of Dollar General's negligence Ms. Sidel incurred hospital, medical, and other related expenses, and will continue to incur the same in the future due to the material and permanent nature of Ms. Sidel's injuries.

36. Dollar General's negligence shows a conscious disregard for the rights and safety of Ms. Sidel and the public that had a great probability of causing substantial harm to Ms. Sidel, including medical bills, lost income, permanent disfigurement, pain and suffering, lost enjoyment of life, and loss of consortium.

37. Dollar General damaged Ms. Sidel more than Twenty-Five Thousand Dollars ($25,000.00), as will be more fully proven in the trial on the merits herein.

### COUNT TWO (2): NEGLIGENCE PER SE

38. Ms. Sidel alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

39. Dollar General violated Ohio law causing Ms. Sidel' trip and fall at Dollar General's restaurant.

40. Dollar General's negligence per se proximately damaged Ms. Sidel more than Twenty-Five Thousand Dollars ($25,000.00), as will be more fully proven in the trial on the merits herein.

### COUNT THREE (3): DECLARATORY JUDGMENT

41. Ms. Sidel alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

42. The Ohio Department of Medicaid ("ODM") may have a subrogation and/or reimbursement interest in the resolution of the instant dispute, under Claim Number 1220006, under the applicable law given benefits that have been paid or may be paid by ODM on the behalf of Ms. Sidel related to Ms. Sidel's injuries alleged herein.

43. ODM regularly conducts business in Ohio and upon information and belief its principal office is located at the address captioned above.

44. A dispute exists between Ms. Sidel and ODM on the rights and obligations of ODM relative to claims that Ms. Sidel has pursuant to the terms and conditions of the abovementioned ODM policies in this trip and fall.

45. ODM is barred from any and all repayment, subrogation, and/or right of recovery of any monies paid under its medical payments coverage: (1) if evidence of the amount payable as a benefit is introduced at trial pursuant to R.C. §2315.20(C); (2) unless and until Ms. Sidel is made whole; and/or (3) on any other basis as justice requires.

46. United Healthcare Services, Inc. ("UHC") may have a subrogation and/or reimbursement interest in the resolution of the instant dispute, under Policy Number 911-87726-

04, under the applicable law given benefits that have been paid or may be paid by UHC on the behalf of Ms. Sidel related to Ms. Sidel's injuries alleged herein.

47. UHC regularly conducts business in Ohio and upon information and belief its principal office is located at the address captioned above.

48. A dispute exists between Ms. Sidel and UHC on the rights and obligations of UHC relative to claims that Ms. Sidel has pursuant to the terms and conditions of the abovementioned UHC policies in this trip and fall.

49. UHC is barred from any and all repayment, subrogation, and/or right of recovery of any monies paid under its medical payments coverage: (1) if evidence of the amount payable as a benefit is introduced at trial pursuant to R.C. §2315.20(C); (2) unless and until Ms. Sidel is made whole; and/or (3) on any other basis as justice requires.

### COUNT FOUR (4): NEGLIGENCE & VICARIOUS LIABILITY

50. Ms. Sidel alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

51. Defendants John/Jane Does #1-25 ("Does") are persons and/or businesses whose names and addresses could not be discovered.

52. Upon information and belief, the Does committed negligent acts and/or omissions which directly and proximately caused Ms. Sidel's injuries and damages as stated herein.

53. Upon information and belief, the Does were vicariously liable for the negligent acts and/or omissions of others which directly and proximately caused Ms. Sidel's injuries and damages as stated herein. As such, the Does are liable for all injuries and damages as stated herein.

WHEREFORE, Ms. Sidel prays that this Honorable Court will grant Ms. Sidel the following relief:

A. Joint and several judgments against Dollar General and the Does in an amount more than Twenty-Five Thousand Dollars ($25,000.00), plus punitive damages, interest including pre-judgment and post judgment interest, costs, attorneys' fees;

B. A judgment setting the ODM's subrogation and/or reimbursement interest in any award herein, less Ms. Sidel' collection costs thereof, under the applicable law for medical benefits that have been paid or may be paid by ODM on the behalf of Ms. Sidel related to Ms. Sidel' injuries alleged herein; and

C. A judgment setting the UHC's subrogation and/or reimbursement interest in any award herein, less Ms. Sidel' collection costs thereof, under the applicable law for medical benefits that have been paid or may be paid by UHC on the behalf of Ms. Sidel related to Ms. Sidel' injuries alleged herein; and

D. All other relief to which Ms. Sidel may be entitled, as a matter of law and/or equity.

Respectfully submitted,

SELPH LAW

/s/ Theran J. Selph, Sr.
Theran J. Selph, Sr.    (0079876)
PO Box 341318
Columbus, Ohio 43234-1318
(614) 453-0971/ (866) 519-5298 (facsimile)
tselph@selphlaw.com
*Counsel for Plaintiff Mary Sidel*

## JURY DEMAND

Pursuant to Rule 38, of the Ohio Rules of Civil Procedure, Ms. Sidel hereby requests a trial by jury of eight (8) persons on all issues triable by a jury.

/s/ Theran J. Selph, Sr.
Theran J. Selph, Sr. (0079376)
Counsel for Plaintiff Mary Sidel

###